**KENNETH BAPTISTE, Petitioner**

v.

**BUREAU OF CORRECTIONS, VIRGIN ISLANDS OF THE UNITED STATES, Respondents**

Civil No. 81-272

District Court of the Virgin Islands

Div. of St. Thomas and St. John

October 13, 1981

KENNETH BAPTISTE, Lewisburg, Pennsylvania, *pro se*

DONALD BOUTON, ESQ., Acting Attorney General of the Virgin Islands (Department of Law), St. Thomas, V.I., *for respondents*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

Kenneth Baptiste, a prisoner in custody, is before the Court on his pro se petition for a writ of mandamus, 28 U.S.C. §§ 1361 and 1651 and 5 V.I.C. § 1361. The petition will be denied for the reasons set forth below.

Baptiste was convicted after a jury trial in the District Court of the Virgin Islands of unlawful entry, assault first degree, and robbery. On November 7, 1978, the petitioner was sentenced to an eight-year term of imprisonment. He served the initial two years of his imprisonment in the Virgin Islands in a correctional facility of the Virgin Islands Bureau of Corrections, but subsequently, by virtue of an existing contract between the Virgin Islands and the United States Government, was placed in the custody of the United States Bureau of Prisons. The petitioner is presently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania.

Petitioner presents one issue for our consideration. We are asked to determine whether the petitioner's constitutional rights were violated because he was not permitted to appear at the June 26, 1981, meeting of the Virgin Islands Parole Board. We find that the petitioner's rights were not violated inasmuch as the petitioner's application for parole was not considered at the June 26, 1981, meeting. The application was not brought on for discussion because the petitioner had not met all the eligibility requirements for parole. The unsatisfied requirement was that petitioner's prison records did not show that his conduct was uniformly excellent for at least six months preceding the date of his application. See 5 V.I.C. §§ 4601 and 4603 and 5 V.I. Rules & Regs. 4503(d)–1.(b) (setting forth the

requirement); and September 14, 1981, letter of Mr. J. P. Hendrick, Chairman of the Virgin Islands Board of Parole (stating that the petitioner did not meet that requirement).

Furthermore, even if the Virgin Islands Parole Board's procedures for review of parole applications were properly challenged, we find that such a challenge would more than likely be defeated as the Parole Board's procedures satisfy the requirements of the United States Constitution. In addressing this issue, we refer to the relatively recent decision of the United States Supreme Court in Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1 (1979), for the guiding principles of law.

■■ In Greenholtz, the Supreme Court stated that a parole statute whose language creates a mere "possibility" that a prisoner may be paroled does not give rise to a liberty interest that is entitled to the protection of due process. 442 U.S. at 9–11. However, the Court found that a parole statute whose language creates an "expectation" of parole does create "some measure of constitutional protection." 442 U.S. at 12. In making the distinction between those two types of statutes, the Supreme Court focused on the presence or absence of mandatory language in the statute. In Greenholtz, the statute at issue created a scheme whereby parole was mandatory *unless* certain specific conditions were found to exist.[1] In the Virgin Islands statute, on the other hand, there is a clear absence of mandatory language, leaving the decision regarding parole to the discretion of the Parole Board.[2] The scheme of the Virgin Islands Parole Statute,

---

[1] The relevant statute provided as follows:

"Whenever the Board of Parole considers the release of a committed offender who is eligible for release on parole, it *shall* order his release unless it is of the opinion that his release should be deferred because:
(a) there is a substantial risk that he will not conform to the conditions of parole;
(b) His release would depreciate the seriousness of his crime or promote disrespect for law;
(c) His release would have a substantially adverse effect on institutional discipline; or
(d) His continued correctional treatment, medical care, or vocational or other training in the facility will substantially enhance his capacity to lead a law-abiding life when released at a later date." (Emphasis added.) Neb. Rev. Stat. § 83-1, 114(1) (1976).

[2] See 5 V.I.C. § 4601 which provides the following:

"Except for a prisoner sentenced to a term of life imprisonment without parole, every prisoner confined in any penitentiary, jail or prison for a violation of the Virgin Islands law for a definite term or terms of over 180 days or for the term of his natural life, whose record of conduct shows that he has observed the rules of

and the regulations implementing it, is that if certain requirements are met, parole *may* be granted. There is no mandate that it *be* granted.

 Despite the fact that due process may not be constitutionally mandated in Virgin Islands Parole Board proceedings, we find that the due process requirements, as they are enunciated in Greenholtz, see 442 U.S. at 12–16, are in fact met. Applicants for parole have a full panoply of due process rights, as the following list of their most significant rights indicates. Applicants are notified at least 14 days in advance of their Parole Board hearing. 5 V.I. Rules & Regs. § 4503(d)–9. Applicants confined in the Virgin Islands are given the right to appear before the Parole Board to express their views on their application, while applicants confined elsewhere are allowed to submit their views in writing. Every applicant is allowed the right to have an "advisor" represent him at the hearing and each applicant may call witnesses to testify on his behalf. 5 V.I. Rules & Regs. § 4503(d)–10. All applicants have a right of access to all the information on which the Parole Board decisions are based, unless the information is specially designated as confidential. 5 V.I. Rules & Regs. § 4503(d)–11(a). If the Parole Board denies an application, the reasons for its denial must be reduced to writing and made available within twenty-one (21) days, excluding weekends and holidays. 5 V.I. Rules & Regs. § 4503(d)–11(d).

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the pro se petition of Kenneth Baptiste for a writ of mandamus, 28 U.S.C. §§ 1361 and 1651 and 5 V.I.C. § 1361 be, and the same is hereby, DENIED.

---

